[PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-10630

Non-Argument Calendar

_____

ROQUE ALEXANDER BARAT,

                                                                       Plaintiff-Appellant,

*versus*

NAVY FEDERAL CREDIT UNION,

                                                                       Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cv-22337-RKA

_____

Before BRANCH, TJOFLAT, and ANDERSON, Circuit Judges.

PER CURIAM:

Roque Barat, a United States Coast Guard veteran and Miami firefighter, sued Navy Federal Credit Union after Navy Federal denied his application to refinance his home mortgage. He alleged that Navy Federal's notification of adverse action, which cited poor credit performance as its principal reason, violated the notification requirements of the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691–1691f (the "ECOA"). The District Court dismissed this claim for failure to state a claim and remanded Barat's remaining state law claims to state court. After careful review, we affirm.

## I. Background

In 2019, Barat opened a savings account with Navy Federal. Although the account remained largely unused, Navy Federal notified Barat two years later that someone had fraudulently accessed his account. The mailing address on the account was changed, and the identity thief managed to open a checking account, obtain a debit card, and use Barat's savings account in tandem with the checking account to fraudulently spend and withdraw funds. Although Navy Federal investigated the activity and made adjustments to Barat's account, it notified Barat that he was being held liable for $3,933.51 as a charge-off and a loss to the bank. Barat refused to pay and twice appealed, but Navy Federal still believed Barat was responsible for this outstanding balance and denied the appeals.

24-10630               Opinion of the Court                    3

While his unpaid balance was pending with Navy Federal, Barat applied to Navy Federal to refinance his home mortgage. Navy Federal denied his application, citing his "[p]oor credit performance with Navy Federal" as the principal reason. Consequently, instead of obtaining the benefits of a Veterans Affairs loan with Navy Federal, Barat obtained a conventional loan at a higher interest rate. He also submitted complaints about Navy Federal to the FBI Internet Crime Complaint Center and the Florida Department of Agriculture and Consumer Services. Within the year, Navy Federal concluded Barat's claims were valid and credited $4,433.68 to his savings account.

Barat filed a complaint in state court in 2022 and raised two claims against Navy Federal under Florida law. He then amended his complaint to add two new state law claims and a federal claim under the ECOA. Barat's federal claim alleged that Navy Federal violated the ECOA by providing an inaccurate statement of reasons for denying his mortgage refinancing application.

Navy Federal removed the case to federal court and then moved to dismiss Barat's ECOA claim and two of his state law claims under Fed. R. Civ. P. 12(b)(6). The District Court granted that motion in part, determining that although a plaintiff may state a cognizable claim under § 1691(d) when a creditor fails to comply with the statutory notification requirements, Barat's complaint failed to state such a claim. The District Court declined to exercise supplemental jurisdiction over Barat's remaining state law claims and remanded them to state court.

Barat timely appeals.

## II. Standard of Review

"We review a district court's decision to grant a motion to dismiss *de novo*." *West v. Warden, Comm'r, Ala. DOC*, 869 F.3d 1289, 1296 (11th Cir. 2017) (citing *Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002)). "When considering a motion to dismiss, we 'accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor.'" *Id.* (quoting *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010)). And to survive a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).

## III. Discussion

The ECOA imposes notification requirements on banks when they deny applications for credit. *See* 15 U.S.C. § 1691(d). When a "creditor" takes "adverse action" against an applicant, the applicant "shall be entitled to a statement of reasons for such action." *Id.* § 1691(d)(2); *see also* 12 C.F.R. § 202.9(a)(2)(i); 12 C.F.R. § 1002.9(a)(2)(i). A "creditor" is "any person who regularly extends, renews, or continues credit." 15 U.S.C. § 1691a(e). And "adverse action" means "a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested." *Id.* § 1691(d)(6).

The "statement of reasons" may be provided "in writing as a matter of course to applicants against whom adverse action is

24-10630               Opinion of the Court                    5

taken." *Id.* § 1691(d)(2)(A). It must "contain[] the specific reasons for the adverse action taken." *Id.* § 1691(d)(3). The regulations issued by the Board of Governors of the Federal Reserve System and by the Consumer Financial Protection Bureau (the "CFPB") add that the statement of reasons "must be specific and indicate the principal reason(s) for the adverse action." 12 C.F.R. § 202.9(b)(2); 12 C.F.R. § 1002.9(b)(2). Both bodies provide sample notification forms "intended for use in notifying an applicant that adverse action has been taken on an application." 12 C.F.R. pt. 202, App. C; 12 C.F.R. pt. 1002, App. C. A creditor "may . . . use all or a portion of the [sample] forms" to satisfy its notification requirements. 12 C.F.R. pt. 202, App. C; 12 C.F.R. pt. 1002, App. C. Included as an approved principal reason for adverse action in the "Sample Notice of Action Taken and Statement of Reasons" is "Poor credit performance with us." 12 C.F.R. pt. 202, App. C, Form C-1; 12 C.F.R. pt. 1002, App. C, Form C-1.

Nothing in Barat's complaint adequately alleges that Navy Federal has violated these statutory requirements.[1] The complaint alleges that Navy Federal is a "creditor" that took "adverse action"

---

[1] Navy Federal does not challenge on appeal the District Court's determination that Barat can state a claim for insufficient notice under 15 U.S.C. § 1691(d) without also alleging discrimination in violation of the ECOA. We have never explicitly addressed whether § 1691 provides an independent cause of action, though we have previously entertained such a claim. *See Dorsey v. Citizens & S. Fin. Corp.*, 678 F.2d 137, 138–39 (11th Cir. 1982) (per curiam), *withdrawn*, 678 F.2d 137, *reinstated in part on reh'g*, 706 F.2d 1203. We assume without deciding the question here that Barat can state a claim for insufficient notice under § 1691(d) without also alleging discrimination.

against Barat by denying his mortgage refinancing application. The ECOA consequently required Navy Federal to provide an adequate statement of reasons for this denial. And, as Barat's complaint evidences, Navy Federal did provide an adequate reason: "Poor credit performance with Navy Federal." This reason is adopted directly from the sample forms provided by the Board of Governors of the Federal Reserve System and the CFPB. Navy Federal's use of this approved language in its required notification to Barat did not violate § 1691(d).

Nor do we find persuasive Barat's arguments that his allegation of inaccuracy in Navy Federal's statement of reasons transforms his claim into one that can survive a motion to dismiss. Section 1691(d) says nothing about the accuracy of the statement of reasons for a creditor's adverse action, only requiring it to be "specific." "[T]he notice requirement serves two purposes: it discourages discrimination and it educates consumers as to the deficiencies in their credit status." *Treadway v. Gateway Chevrolet Oldsmobile Inc.*, 362 F.3d 971, 977 (7th Cir. 2004). If the applicant learns that the creditor, in determining that the applicant's credit status was insufficient, has "'acted on misinformation or inadequate information, the statement of reasons gives the applicant a chance to rectify the mistake.'" *Fischl v. Gen. Motors Acceptance Corp.*, 708 F.2d 143, 146–47 (5th Cir. 1983) (quoting S. Rep. No. 94-589, at 4 (1975), *as reprinted in* 1976 U.S.C.C.A.N. 403, 406). So, in requiring notice, the statutory framework accounts for creditors making mistakes in their notifications. An allegation that a creditor mistakenly acted on factual inaccuracies when providing the principal reason for an

24-10630               Opinion of the Court                        7

adverse action cannot sensibly constitute a violation of § 1691(d) when the statutory framework is viewed through this lens.

Barat's reliance on the Fifth Circuit's rationale in *Fischl* does not change this conclusion. The *Fischl* court determined that a misleading or excessively vague reason for a creditor's adverse action thwarted the objectives of the ECOA's notification requirement because the applicant could not act to remediate that reason. 708 F.2d at 148. But unlike the creditor in *Fischl*, Navy Federal used approved language verbatim in the statement of reasons that it provided to Barat, such that Barat should have been able to identify the cause of the denial. *See id.* at 147. Indeed, the Fifth Circuit in *Fischl* emphasized that even if the creditor's language had been drawn from the pre-approved sample form, the statement of reasons would have violated the notice statute because the language was too generic to allow the applicant to remediate the purported credit deficiencies. *Id.* at 148. But here, Barat knew precisely the problem that Navy Federal's statement of reasons was referencing when it stated that Barat had "[p]oor credit performance with Navy Federal."[2] Barat's complaint demonstrates that he knew Navy Federal was holding him responsible for some unpaid charges at the time of his application, that this was based on mistaken information, and that he could attempt to remediate this mistaken

---

[2] As Barat explains in his complaint and the attached exhibits, the identity thief used Barat's savings account as a funnel, ultimately accruing an unpaid balance on a fraudulently obtained debit card. Poor credit performance was tied to Barat's legitimate account, notwithstanding that it was not a credit account.

information through Navy Federal's appeals process, the FBI Internet Crime Complaint Center, and the Florida Department of Agriculture and Consumer Services. He then did so. And it worked, ostensibly repairing his credit performance with Navy Federal. We fail to see how Barat's complaint alleges that Navy Federal's notification language thwarted the ECOA's purposes so as to constitute a violation of § 1691(d).

### IV. Conclusion

For all of these reasons, we affirm the judgment of the District Court.

**AFFIRMED.**